Luther GILFORD, Plaintiff,

v.

DETROIT EDISON COMPANY, Defendant.

Civ. A. No. 93–75286.

United States District Court, E.D. Michigan, S.D.

March 14, 1994.

---

Jeanne E. Mirer, Barnhart & Mirer, Detroit MI, Michael L. Pitt, Pitt, Dowty & McGehee, Royal Oak, MI, for Luther Gilford.

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

GADOLA, District Judge.

Plaintiff Luther Gilford filed a two-count complaint in Wayne County Circuit Court on behalf of himself and those similarly situated alleging violations of Michigan's Elliott–Larsen Civil Rights Act and Michigan's Workers' Compensation Act. Pursuant to 28 U.S.C. § 1441(b), defendant Detroit Edison Company removed the action to this court on the grounds that plaintiff's claim under the Workers' Compensation Act is preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1461. On January 26, 1994, the court, sua sponte, remanded Count I of plaintiff's complaint concerning violations of the Elliott–Larsen Civil Rights Act to state court. Before the court is plaintiff's motion to remand his remaining claim to state court and defendant's motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons discussed below, the court will grant plaintiff's motion.

### I. Facts

Plaintiff is a former employee of defendant. Defendant initiated a reorganization program that resulted in a reduction in its work force. Those employees who lost their jobs and were not placed in a different position within the company were terminated from employment with defendant. All terminated employees were entitled to receive separation pay in the form of a voluntary separation offer. In accepting the separation offer, the terminated employees tendered a general release of claims and any money paid under the offer was "considered an advance payment of any Workers' Compensation benefit which otherwise would be payable by the Company." Those employees who did not accept the voluntary separation offer received a smaller severance allowance.

Plaintiff was declared an excess employee under defendant's reorganization plan, and he declined to accept the voluntary separa-

Stanley H. Slazinski, Frederick E. Champnella, Detroit Edison Co., Legal Dept., Detroit, MI, for Detroit Edison Co.

tion offer. As a result, plaintiff received his severance allowance as dictated by defendant's reorganization plan. Plaintiff contends that he was forced to decline defendant's voluntary separation offer because his acceptance of the offer would have resulted in an offset of possible workers' compensation benefits that he may be due. Plaintiff argues that a provision of Michigan's Workers' Compensation Act, M.C.L.A. § 418.815, prohibits waivers of rights to compensation like the waiver included in defendant's voluntary separation offer.

## II. Analysis

The question before the court is whether plaintiff's complaint presents a federal question such that defendant's removal of the action to this court was proper under 28 U.S.C. § 1441(b). Defendant contends that plaintiff's complaint presents a federal question by virtue of the fact that his claims are preempted by 29 U.S.C. § 1144(a) of ERISA. Defendant's severance plan is an employee welfare benefit plan covered by ERISA. 29 U.S.C. § 1002(1); *see Berlin v. Michigan Bell Tel. Co.*, 858 F.2d 1154 (6th Cir.1988). Section 1144(a) provides that the provisions of ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." *Id.* The Supreme Court has given wide preemptive effect to the "relate to" language of section 1144(a). *Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 139, 111 S.Ct. 478, 482, 112 L.Ed.2d 474 (1990); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45, 107 S.Ct. 1549, 1551, 95 L.Ed.2d 39 (1987). Defendant argues that because plaintiff's workers' compensation claim relates to an employee benefit plan, it is preempted by ERISA, and that therefore, this court has jurisdiction over plaintiff's complaint as it presents a federal question.

■ The court finds, however, that preemption of state law claims premised upon section 1144(a) of ERISA does not establish federal question jurisdiction. In *Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940, 945 (6th Cir.1994), the Sixth Circuit held that a defense based on section 1144(a) preemption does not create federal question jurisdiction. The court cited the Supreme Court's decision in *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 64, 107 S.Ct. 1542, 1546, 95 L.Ed.2d 55 (1987), which stated that "ERISA pre-emption, without more, does not convert a state claim into an action arising under federal law." Additionally, in *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983), the Supreme Court noted that

[s]ince 1887 it has been settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case.

*Id.* at 14, 103 S.Ct. at 2848. Thus, under the well-pleaded complaint rule, the mere fact that plaintiff's claim may be preempted by section 1144(a) of ERISA does not establish federal question jurisdiction.

■ The court in *Alexander* also held, however, that federal question jurisdiction does exist if a plaintiff's state law claims present a cause of action preempted by ERISA's civil enforcement provision, 29 U.S.C. § 1132. If a plaintiff is a plan participant or beneficiary seeking to enforce certain rights guaranteed by ERISA, then his cause of action is impliedly preempted by section 1132, and the court will construe his action as an action for recovery of benefits under ERISA. *Alexander, supra,* at 945–946. In that instance, federal question jurisdiction would be present.

■ The court finds that plaintiff's cause of action is not preempted by section 1132 of ERISA. Plaintiff is not seeking recovery of any benefits that he is entitled to under defendant's severance plan. In fact, it is undisputed that plaintiff received all severance benefits that he was due under the terms of the plan. Although plaintiff is a plan participant, he does not seek to enforce certain rights guaranteed by ERISA. Instead, plaintiff seeks to enforce certain rights allegedly guaranteed by Michigan's Workers' Compensation Act. Thus, plaintiff's claims do not fall under section 1132. As a result, plaintiff's complaint does not present a feder-

al question falling under this court's jurisdiction, and the court will grant plaintiff's motion to remand his case to state court. Defendant may very well be correct in its contention that plaintiff's claims are preempted by section 1144(a) of ERISA. However, this court does not have jurisdiction to decide that issue, and it will not consider defendant's Rule 12(b)(6) motion to dismiss based on section 1144(a) preemption.

### ORDER

**THEREFORE, IT IS HEREBY OR-DERED** that plaintiff's motion to remand is **GRANTED.** Plaintiff's complaint is **RE-MANDED** to the Wayne County Circuit Court. Defendant's motion to dismiss is **DE-NIED** without prejudice.

**SO ORDERED.**