**David R. DRESCHER, Plaintiff,**

v.

**UNION UNDERWEAR COMPANY, INC., d/b/a Fruit of the Loom, Inc., Defendant.**

**Civ. A. No. C94–0064–BG(H).**

United States District Court, W.D. Kentucky, Bowling Green Division.

July 19, 1994.

Anthony G. Covatta, Benesch, Friedlander, Coplan & Aronoff, Cincinnati, OH, Steven O. Thornton, Broderick, Thornton & Pierce, Bowling Green, KY, for plaintiff.

Jeffrey A. Savarise, Richard S. Cleary, Greenebaum, Doll & McDonald, Louisville, KY, for defendant.

## MEMORANDUM OPINION

HEYBURN, District Judge.

Defendant removed this age discrimination lawsuit from Kentucky state court, contending that Plaintiff's cause of action fell under the exclusive federal enforcement scheme contained in the Employee Retirement Income Security Act (ERISA). Plaintiff disputes this characterization of his claim and asks the Court to remand his lawsuit. This case requires a reasoned interpretation of the interplay between ERISA's jurisdiction and preemption provisions, 29 U.S.C. § 1132 and § 1144, respectively. The result will determine whether Defendant may limit a recovery for alleged age discrimination by converting the claim to one which is governed by ERISA. The Court believes that Plaintiff's Complaint falls outside ERISA's scope, and shall accordingly remand this case to state court.

### I.

Plaintiff was a member of Defendant's executive staff from 1980 until 1993, by which time Plaintiff was 56 years old. Plaintiff alleges that Defendant terminated his employment in 1993 because of his age, and by so doing violated Kentucky's Civil Rights Act, K.R.S. 344.040. This conduct caused Plaintiff to suffer "substantial damages," Plaintiff contends, "including, but not limited to, being deprived of continued earnings and lost benefits." Defendant insists that this desire to recover lost benefits converts Plaintiff's lawsuit into a federal cause of action governed by the ERISA statute. Defendant concludes that Plaintiff must proceed, if at all, in federal court under 29 U.S.C. § 1132, ERISA's civil enforcement provision.

### II.

Federal law extends a cause of action to ERISA plan participants who wish to recover plan benefits, enforce plan rights, or clarify rights to future benefits. § 1132(a)(1)(B). Indeed, a plan participant can obtain such relief *only* by pursuing an ERISA claim, because ERISA pre-empts state law causes of action that "relate to" ERISA plans. § 1144(a).

■■■ The combined operation of these two provisions therefore allows a defendant to remove to federal court any claim that relates to an ERISA plan and falls within the scope of ERISA's enforcement scheme, even though the complaint superficially seeks recovery under state law alone. *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 60, 66–67, 107 S.Ct. 1542, 1544, 1547–48, 95 L.Ed.2d 55 (1987); 28 U.S.C. § 1441(b). The converse is equally plain: a state law claim that is neither pre-empted by § 1144 nor within the enforcement scope of § 1132 cannot be removed to federal court.

■■■ These two ERISA provisions fall into a settled hierarchy with respect to the removability of state law claims, however. Section 1132 properly is viewed as a grant of federal jurisdiction, whereas § 1141 delineates the boundaries of federal pre-emption of claims involving employee benefit plans. The Sixth Circuit drew attention to the inter-

play of these two sections in *Alexander v. Electronic Data Sys. Corp.*, 13 F.3d 940 (6th Cir.1994). Although this Court believes that *Alexander* was correctly decided, its unusual facts could easily lead to confusion about the application of these sections.

*Alexander's* emphasis on § 1132 suggests, at first glance, that pre-emption by § 1144 has no bearing at all on the removability of a state law claim. If *Alexander* indeed stands for this proposition, then in theory a state law claim could be removable by virtue of § 1132's enforcement provision, even though § 1144 does not pre-empt the claim. Defendant suggests that just such a possibility might occur in this litigation, because, in Defendant's view, § 1132's scope is broader than that of § 1144.[1]

■ But this Court does not read *Alexander* so broadly. ERISA preempts all state law claims that "relate to" an ERISA plan; § 1144 spares from preemption only such claims that have " 'too tenuous, remote, or peripheral an effect' on benefit plans to fall within ERISA's preemptive force...." *Van Camp v. AT & T Info. Systems,* 963 F.2d 119, 122 (6th Cir.1992) (quoting *Shaw v. Delta Air Lines,* 463 U.S. 85, 100, n. 21, 103 S.Ct. 2890, 2901, n. 21, 77 L.Ed.2d 490 (1983)). A claim too remote, tenuous, or peripheral to relate to an ERISA plan simply cannot, except in the most extraordinary circumstances, constitute a claim to recover benefits, enforce rights, or clarify the terms of an ERISA plan under § 1132. In virtually any conceivable instance, then, a state law claim that does not relate to an ERISA plan, and therefore is not pre-empted by § 1144, does not raise a federal question sufficient to warrant removal due to ERISA's § 1132 enforcement scheme.

■ A court should therefore begin its removal analysis by asking whether § 1144 preempts the plaintiff's state law claim—that is, by asking whether the plaintiff's claim "relates to" an ERISA plan. If the claim does not meet this standard, then, in all but the most unimaginable circumstances, the

claim will not fall within the ambit of the jurisdictional grant created by § 1132's enforcement scheme, and accordingly cannot be removed. If, instead, plaintiff's claim does relate to an ERISA plan, then it will give rise to a substantial federal question and it almost certainly will be enforceable under § 1132 (absent a plaintiff-identity problem like that in *Alexander* ), and thus will be removable to federal court.

### III.

■ The first question then is whether Plaintiff's age discrimination claim "relates to" the ERISA welfare benefits plan between Plaintiff and Defendant. Put differently, the Court must decide whether a reference to "lost benefits" in a prayer for relief has "too tenuous, remote, or peripheral" an effect on Defendant's employee benefit plan to be preempted by ERISA. *See Van Camp,* 963 F.2d at 122. Courts must review three factors when analyzing ERISA's preemption of a state law claim: (1) whether the claim arises under a law that represents a traditional exercise of state authority; (2) whether invocation of the state law will affect the relationship among the principal ERISA entities (*i.e.,* Plaintiff and Defendant); and (3) whether the state claim would have "more than an incidental effect" on an ERISA plan. *Van Camp,* 963 F.2d at 123.

None of these factors in the present case favors pre-emption. Plaintiff's age discrimination claim clearly represents a "traditional exercise of state authority": the Sixth Circuit has commented that "state laws traditionally have played a significant role in protecting citizens from age ... discrimination." *Van Camp,* 963 F.2d at 123. Plaintiff's claim, furthermore, does not directly affect Defendant's status as employer or Plaintiff's status as beneficiary in an ERISA plan. It is true, of course, that a successful result in this lawsuit might require Defendant to pay certain damages calculated in part upon its ERISA responsibilities to Plaintiff. But nothing in the record suggests that Plaintiff's

---

**1.** "While a claim of preemption under 29 U.S.C. § 1144 may be scrutinized to determine whether the relation to an ERISA plan is too remote or tenuous to warrant preemption,"—that is, a state cause of action unrelated to an ERISA plan might escape pre-emption by § 1144—"preemption under 29 U.S.C. § 1132 is not subject to any *de minimis* test." (Def.'s Resp. at 7.)

claim is "inconsistent with the [ERISA] agreement under which he currently receives ... benefits." *Van Camp,* 963 F.2d at 123. Plaintiff does not seek to alter an ERISA agreement presently in force between the two parties or claim that Defendant's wrongdoing consists of a violation of the terms of their ERISA agreement. Defendant's alleged misdeed was its unwarranted termination of Plaintiff's employment. The parties' ERISA plan did not regulate such conduct, and a jury can determine Defendant's possible liability without reference to or modification of that plan.[2] Nor would Plaintiff's claim have "more than an incidental effect" on the parties' ERISA plan. Indeed, neither side suggests that any ERISA provision is at issue or that Defendant has violated any provision of a benefit plan.

■ This case and others raise the troubling question of an employer's motivation for terminating an employee and how it might affect the selection of law controlling the case. In any circumstance where age discrimination is proven, arguably one motivation for the action would be to cut future pension benefit costs. Neither this possibility alone however, absent allegations regarding it, nor the mere consequence that some sort of plan benefits are claimed as damages, can fairly convert every age discrimination case to one bound by ERISA.[3]

## IV.

■ Plaintiff's claim does not "relate to" an ERISA plan, and therefore is not preempted by § 1144. Can this Court neverthe-less rule that Plaintiff's lawsuit is removable under § 1132(a)(1)(B) by declaring that Plaintiff's claim seeks "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan"?

A construction that interprets § 1132 to displace all causes of action that touch on an ERISA plan, even those that seek no more than the reinstatement of a plaintiff to his former employment, would give ERISA breathtaking scope indeed. Such an interpretation would have ERISA govern disputes for which ERISA was not drafted and for which ERISA is profoundly ill-equipped. To interpret § 1132 so broadly as to sanction the removal of Plaintiff's claim would require federal courts to exercise jurisdiction over all or part of virtually every employment-related lawsuit in the country. Although ERISA would perhaps displace only that part of Plaintiff's claim that refers to his "lost benefits," leaving to the discretion of the Court whether to exercise pendent jurisdiction over the merits of Plaintiff's state law discrimination claim, federal adjudication of this discrete, so-called federal issue would be an illusive exercise. The terms of the parties' ERISA plan are not in dispute; if the Court confined itself to a review of the plan, it would have nothing to adjudicate. The rights which Plaintiff seeks to enforce arise as a consequence of the alleged age discrimination. Therefore, the Complaint does not

---

**2.** Compare to the present case the drastic effect threatened by the plaintiff's age discrimination claim in *Van Camp, supra.* The plaintiff in that lawsuit had executed an irrevocable, ERISA-regulated retirement agreement with his employer before being forced off the job. *Id.,* 963 F.2d at 120. A favorable result for that plaintiff would have required the trial court to determine, as a threshold matter, the validity of the retirement agreement. *Id.* at 123. The effect of that agreement was so essential to the lawsuit that the Sixth Circuit described it as "the fulcrum on which resolution of this dispute turns." *Id.* The claim Plaintiff brings in this lawsuit bears virtually no resemblance to the one discussed by *Van Camp;* indeed, the validity or effect of the ERISA agreement between Plaintiff and Defendant is not even an issue in this case.

**3.** See *Ethridge v. Harbor House Restaurant,* 861 F.2d 1389 (9th Cir.1988) in which the court stated, "[N]o ERISA cause of action lies when the loss of pension benefits was a mere consequence of, but not a motivating factor behind, the termination of benefits." *Id.* at 1405 (internal punctuation and citation omitted). Thus the plaintiff's claim for tortious discharge "[was] not preempted by ERISA simply because [the plaintiff] sought to recover lost salary and benefits." *Id.* The court declared that the mere demand for recovery of "lost benefits" does not cause ERISA pre-emption where the plaintiff does not suggest that "the reasons given by his employer for termination were pretextual and that the true purpose of his discharge was to deprive him of pension rights." *Id.* (internal punctuation and citation omitted).

present a federal question falling within this Court's jurisdiction.[4]

Plaintiffs claim does not relate to an ERISA plan and does not state a claim to which ERISA's civil enforcement scheme extends. By the accompanying order, the Court shall sustain Plaintiff's Motion and remand this claim to state court.

## ORDER

This matter is before the Court for consideration of Plaintiff's Motion to Remand. The Court having reviewed this matter, having set forth its findings in a Memorandum Opinion, and being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's Motion to Remand is **SUSTAINED,** and this case is **REMANDED** to Warren Circuit Court, Division I; and

IT IS FURTHER ORDERED that Plaintiff's request for reimbursement of expenses pursuant to 28 U.S.C. § 1447 is **OVERRULED.**

---

**4.** For a concurring analysis see *Gilford v. Detroit Edison Company,* 846 F.Supp. 44, 46 (E.D.Mich. 1994).